AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

# United States District Court

| | District | MASSACHUSETTS |
|---|---|---|

| Name | WAYNE CLAYTON | Prisoner No. W-68874 | Case No. |
|---|---|---|---|

| Place of Confinement |
|---|
| BAY STATE CORRECTIONAL CENTER |
| P.O. BOX 73 |
| NORFOLK, MA 02056-0073 |

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| WAYNE CLAYTON | v. MICHAEL CORSINI |

## 05-10772 DPW

| The Attorney General of the State of: | MASSACHUSETTS |
|---|---|

### PETITION

1. Name and location of court which entered the judgment of conviction under attack  SUFFOLK SUPERIOR COURT/ 90 DEVONSHIRE STREET/ BOSTON, MA 02109

2. Date of judgment of conviction  DECEMBER 12, 2000

3. Length of sentence  10 yrs and 1 day- 1st Count// 2 years- 2d Count (concurrent)

4. Nature of offense involved (all counts)  _____

    _____

    _____

    _____

5. What was your plea? (Check one)
    (a) Not guilty  ☒
    (b) Guilty  ☐
    (c) Nolo contendere  ☐
    If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

    _____

    _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury  ☐
    (b) Judge only  ☒

7. Did you testify at the trial?
    Yes ☐       No ☒

8. Did you appeal from the judgment of conviction?
    Yes ☒       No ☐

9.  If you did appeal, answer the following:

    (a) Name of court ___ MASSACHUSETTS APPEALS COURT _____

    (b) Result _____ AFFIRMATION OF CONVICTION _____

    (c) Date of result and citation, if known ___ 12.11.03/ A.C. No. 03-P-53  (**A.18**) ___

    (d) Grounds raised ___ IMPROPER DENIAL OF SUPPRESSION MOTION/   UNLAWFUL SEARCH

         ___ BY POLICE WHO HAD NEITHER REASONABLE SUSPICION OR PROBABLE CAUSE ___

    (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

        (1) Name of court __ MASSACHUSETTS SUPREME JUDICIAL COURT _____

        (2) Result ___ ___ DENIAL OF FURTHER APPELLATE REVIEW _____

        (3) Date of result and citation, if known ___ DECEMBER 1, 2004/ SJC FAR No. 14423 ___

        (4) Grounds raised ___ SAME AS 9(d) SUPRA _____

    (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

        (1) Name of court _____

        (2) Result ___ _____

        (3) Date of result and citation, if known _____

        (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐        No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        (3) Grounds raised _____

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐        No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.              Yes ☐        No ☐
(2) Second petition, etc.            Yes ☐        No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

   Caution:  In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self−incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: CONVICTION OBTAINED BY USE OF EVIDENCE GAINED PERSUANT TO

AN UNLAWFUL SEARCH AND SEIZURE

Supporting FACTS (state *briefly* without citing cases or law)    SEE ATTACHED MEMORANDUM pp 6-12

B.    Ground two: IMPROPER DENIAL BY SUFFOLK SUPERIOR COURT OF CLAYTON'S

MOTION TO SUPPRESS ILLEGAL SEARCHED FOR AND SEIZED EVIDENCE

Supporting FACTS (state *briefly* without citing cases or law)    SEE ATTACHED MEMORANDUM pp 6-12

AO 241 (Rev. 5/85)

C.   Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

D.   Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
     Yes ☐        No ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

     (a)   At preliminary hearing _____

     _____

     (b)   At arraignment and plea _____

     _____

• AO 241 (Rev. 5/85)

(c)  At trial _____

(d)  At sentencing _____

(e)  On appeal _____

(f)  In any post—conviction proceeding _____

(g)  On appeal from any adverse ruling in a post—conviction proceeding _____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
     Yes ☒        No ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
     Yes ☐        No ☒
     (a)  If so, give name and location of court which imposed sentence to be served in the future: _____

     (b)  Give date and length of the above sentence: _____

     (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
          Yes ☐        No ☒

     Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

     _____
                              Signature of Attorney (if any)

     I declare under penalty of perjury that the foregoing is true and correct.  Executed on

     APRIL 6, 2005
          (date)

                                   _____
                                            Signature of Petitioner

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

WAYNE CLAYTON,                       )
            Petitioner,              )
                                     )
                                     )
                                     )
                                     )
v.                                   )       CASE NO. _____
                                     )
                                     )
MICHAEL CORSINI,                     )
            Respondent.              )
                                     )

PETITIONER'S MEMORANDUM OF FACTS AND LAW
IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS

**INTRODUCTION:**

COMES now the petitioner Wayne Clayton ("Clayton"), and files this memorandum of facts and law in support of his afore-going "Petition For Writ Of Habeas Corpus."

**JURISDICTION:**

The United States District Court for the District of Massa-chusetts has subject matter jurisidction over this habeas corpus petition pursuant to 28 U.S.C. §2254, as the petitioner, Wayne Clayton, is a person being held in state custody in violation of the Constitution of the United States.

**PARTIES:**

1)   The petitioner, Wayne Clayton, is a prisoner, being held
     at the Bay State Correctional Center, P.O. Box 73, Norfolk,
     MA 02056.  Mr. Clayton is a citizen of Massachusetts and
     the United States.

2)   The respondent, Michael Corsini, is the superintendent of
     the Bay State Correctional Center, P.O. Box 73, Norfolk, MA
     02056.  Supt. Corsini is holding Clayton is his custody

**CITATIONS:**

2

## STATEMENT OF PRIOR PROCEEDINGS

On December 10, 1997, the Suffolk Grand Jury indicted Mr. Clayton for (1) cocaine trafficking, G.L. c. 94C, § 32E(b)(3); and (2) possession with intent to distribute marijuana, G.L. c. 94C, § 32. (Docket), (Indictments)(RA-1-2). The trial court denied Clayton's pretrial suppression motion on December 29, 1999. The court denied his reconsideration motion on December 12, 2000. (Docket).

The one day bench trial before Judge McDaniel commenced on December 12, 2000. The court returned guilty verdicts on both counts. The court sentenced Clayton to serve (1) ten years to ten and a day, MCI-Cedar Junction, on the first count; and (2) two years, house of correction, concurrent, for the second count. (Docket).

Mr. Clayton filed his notice of appeal on December 13, 2000. (Docket). The Appeals Court affirmed the convictions on December 11, 2003. (Appeals Decision). Neither party sought rehearing. On December 1, 2004, the Massachusetts Supreme Judicial Court denied Clayton further appellate review. (SJC FAR No. 14423)

3

## STATEMENT OF FACTS

Mr. Clayton moved to suppress the results of the police search.  Three police officers testified at the suppression hearing.  The following facts are drawn from the suppression transcripts.

On September 27, 1997, Boston police officer John Acloque received an informant's tip about narcotics dealing by an individual at Mattapan's Rolls Club. (Supr-I-4, 8-10).  The informant gave a physical description of the individual.  (Supr-Tr-9-10).  Acloque previously used the informant in cases which led to conviction.  (Supr-I-8-9, 76-77).

Officers responded and observed a man, later identified as Mr. Clayton, who matched the description. (Supr-I-10-14, 90-93).  Acloque observed Clayton engage in a series of actions with other individuals.  The officer characterized these actions as exchanges. (Supr-I-15-21).

Mr. Clayton drove away in his truck.  The police followed.  (Supr-I-21).  Clayton stopped and walked over to a parked Plymouth Reliant and entered it.  (Supr-I-22-24).  The police characterized his subsequent actions

4

as an apparent exchange.   (Supr-I-24, 126-127).

Clayton returned to his vehicle and continued to drive.   (Supr-I-24).   He parked and entered a house. Clayton returned and drove along Harvard Street toward Blue Hill Avenue.   (Supr-I-25).

The police stopped Clayton's vehicle on Harvard Street.   (Supr-I-26).   Officer Broderick observed Clayton stick an object into his groin area.   (Supr-I-26).   The police conducted a pat frisk.   (Supr-I-27). The frisk revealed a small black pouch in Clayton's groin area.   (Supr-I-28-29).   The pouch contained cocaine.   The officers placed Clayton under arrest. (Supr-I-29).   The police also recovered currency and plastic bags of cocaine from Clayton (Supr-I-30-31).   In his vehicle, they found marijuana and cocaine.   (Supr-I-132).

The parties stipulated that, when the police inventoried the Plymouth Reliant, they did not find anything.   (Supr-I-134-135).

5

## ARGUMENT

**The trial court improperly denied Clayton's suppression
motion, where he was unlawfully searched, as the police
had neither reasonable suspicion to stop him nor probable
cause for the ensuing intrusive search.**

The trial court improperly denied Clayton's
suppression motion.  The evidence at the suppression
hearing was insufficient to support findings of either
reasonable suspicion for the vehicle stop or probable
cause for the intrusive search.  The products of the
search were improperly admitted.  Without the recovered
contraband, the government's case is insufficient to
sustain conviction.

**A.     Standard of Review**

In reviewing rulings on suppression motions, the
appellate court reviews the motion judge's subsidiary
findings of fact for clear error.  Weight and
credibility determination remain the province of the
trial court.  The appellate court conducts independent
review on the application of constitutional principles
to facts.  *Commonwealth v. Wilson*, 441 Mass. 390, 393
(2004).

Mr. Clayton advances preserved error on appeal.  At

6

the suppression hearing, he challenged (1) informant

reliability; and (2) police testimony on purported

exchanges.  He argued that the offices lacked

justification for a *Terry* stop.  (Supr-II-5-7).

**B.    The government may not use evidence obtained through
unreasonable search and seizure.**

The federal and state constitutions protect

individuals against unreasonable search and seizure.

U.S. Const. am. IV; Mass.Const. part first, art. 14.

The exclusionary rule bars admission of evidence seized

during an unreasonable search.  *Mapp v. Ohio*, 367 U.S.

643, 655-656 (1961), *reh'g denied* 368 U.S. 871 (1961);

*Commonwealth v. Ford*, 394 Mass. 421, 426 (1985).  The

fruit of the poisonous tree doctrine excludes the direct

and indirect products of an unlawful search.

*Commonwealth v. Molina*, 439 Mass. 206, 211 (2003).

A fourth amendment search occurs where the

defendant has a reasonable expectation of privacy.  A

reasonable expectation of privacy is found when (1) the

defendant has a subjective expectation of privacy; and

(2) that expectation is objectively reasonable.  For the

threshold question of whether a search occurred, the

7

defendant bears the burden of proof.  *Commonwealth v.*
*D'Onofrio*, 396 Mass. 711, 714 (1986).  A seizure occurs
when an officer, by means of physical force or show of
authority, restrains the liberty of a citizen.
*Commonwealth v. McDevitt*, 57 Mass.App.Ct. 733, 736
(2003).

As a general rule, law enforcement officials must
have a warrant, based upon a neutral and detached
magistrate's probable cause finding, before they can
search or seize an individual.  Searches conducted
outside the judicial process, without prior approval by
judge or magistrate, are presumed unreasonable under the
Fourth Amendment and Article 14.  *Commonwealth v. Cast*,
407 Mass. 891, 901 (1990).

The automobile exception applies where police have
(1) probable cause to believe that a motor vehicle on a
public way contains contraband or evidence of a crime;
and (2) exigent circumstances make obtaining a warrant
impracticable.  Where probable cause exists to search a
vehicle, the police may search the entire vehicle and
its contents that may conceal the object of the search.
*Commonwealth v. Cast*, 407 Mass. 891, 901, 906 (1990).

8

Probable cause requires more than a strong reason to suspect. The *Aguilar-Spinelli* standard applies in probable cause determinations based upon an informant's tip. The court assesses the informant's (1) basis of knowledge; and (2) veracity. *Commonwealth v. Upton*, 394 Mass. 363, 370, 374-375 (1985).

An investigatory stop is permissible in limited circumstances. The police may stop a car when the officers have a reasonable suspicion that an occupant was committing, or was about to commit, a crime. This suspicion must be based upon specific, articulable facts and reasonable inferences therefrom. The permissible degree of intrusiveness is limited to the degree of suspicion that prompted the intrusion. *Commonwealth v. Haskell*, 438 Mass. 790, 793-794 (2003); *Terry v. Ohio*, 392 U.S. 1, 30-31 (1968).

The police may also rely on an informant's tip to develop reasonable suspicion. Reasonable suspicion is dependent upon the content of the information possessed by police and its reliability. *Alabama v. White*, 496 U.S. 325, 330, 332 (1990). Assessment of the tip's reliability rests in the informant's (1) basis of

9

knowledge; and (2) reliability.   Independent police

corroboration may compensate for deficiencies in either

factor.   *Commonwealth v. Lyons*, 409 Mass. 16, 18-19

(1990).

The due process clause protects the accused from

conviction without determination beyond a reasonable

doubt of every fact that constitutes the charged crime.

*In re Winship*, 397 U.S. 358, 363 (1970).

C.   **The police (1) were without reasonable suspicion to
conduct an investigatory stop; (2) conducted an
investigatory stop with intrusiveness in excess of
any reasonable suspicion that the officers arguably
possessed; and (3) prior to the arrest, lacked
probable cause to justify search of Clayton's black
pouch.**

The informant's tip, even when coupled with police

observations, was insufficient to give reasonable

suspicion that Clayton was committing a crime.   The

officers were without specific, articulable facts to

support reasonable suspicion.   Even if the officers

arguably possessed reasonable suspicion, the search of

the black pouch exceeded the intrusiveness permissible

in the investigatory stop.   Further, prior to the

arrest, the officers lacked probable cause to search

inside the black pouch.

10

The government offered an informant who had neither basis of knowledge nor reliability. The subsequent police observations failed to cure the tip's unreliabillity.

The evidence on informant reliability was not contemporaneous with the underlying tip. Other than a plain assertion that the informant previously gave information in cases that led to convictions (Supr-I-76), the Commonwealth made no attempt to establish the informant's current reliability. His reliability at the time of this case's underlying tip remains unknown.

There was no offer on basis of knowledge. The informant gave a physical description of Clayton. (Supr-I-9-10, 14). Permitting such general tips to serve as the basis for a stop does not further legitimate law enforcement. It serves as a potential tool for vindictive neighbors to use the police as a harassment tool.

Following the vehicle stop, the search of the black pouch exceeded any reasonable suspicion the police may have held. Reaching into Clayton's groin to retrieve the pouch (Supr-I-28-29) was an overly intrusive act by

11

the officers.  Safety concerns do not support this degree of search.  The officers removed the unopened pouch from Clayton's fly.  (Supr-I-104-105).  There was no need to open the pouch as part of an investigatory stop or to ensure police safety.  The police engaged in an unlawful fishing expedition.

When the police retrieved the pouch from Clayon's groin (Supr-I-104-105), they lacked probable cause to believe that it contained contraband.  The officers unlawfully opened the pouch.  They deprived Clayton of his right to remain free from unlawful search and seizure.

The evidence at the suppression hearing was insufficient to support a finding of reasonable suspicion for the vehicle stop.  Even if the officers arguably possessed reasonable suspicion, the search of the black pouch exceeded the intrusiveness permissible in the investigatory stop.  Prior to the arrest, the officers lacked probable cause to search inside the black pouch.  The trial court erred when it admitted the product of the search.  Without the recovered substances, the government's case is insufficient to sustain conviction.

12

WHEREFORE, for all of the aforegoing reasons, Clayton respectfully requests that the U.S. District Court grant him a writ of habeas corpus.

Respectfully submitted,

Wayne Clayton
Petitioner/Pro Se
Bay State Corr. Center
P.O. Box 73
Norfolk, MA 02056
April 6, 2005

13

COMMONWEALTH

v.

WAYNE CLAYTON

ATTACHMENTS

INDICTMENT OF WAYNE CLAYTON..................................A.1

COMMONWEALTH v. CLAYTON
SUCR1997-12131 DOCKET SHEETS............................A.2-A.6

MOTION TO SUPPRESS EVIDENCE
AND STATEMENTS ILLEGALLY SEIZED
WITH A WARRANT AND AFFIDAVIT............................A.7-A.9

MEMORANDUM OF DECISION AND
ORDER ON DEFENDANT'S MOTION
TO SUPPRESS..........................................A.10-A.15

MOTION TO RECONSIDER PRETRIAL
RULING ON MOTION TO SUPPRESS..............................A.16

NOTICE OF APPEAL..........................................A.17

MEMORANDUM AND ORDER
PURSUANT TO RULE 1:28.....................................A.18

M.G.L. c. 94C §32C........................................A.19

M.G.L. c. 94C §32E...................................A.19-A.23

A.1

INDICTMENT
97-12131 -002

Possession of Class D Controlled Substance with Intent to Distribute
C. 94C, §32

## Commonwealth of Massachusetts

SUFFOLK, SS.

At the SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT FOR CRIMINAL BUSINESS,

begun and holden at the CITY OF BOSTON, within and for the County of Suffolk, on the first Monday of December in the year

of our Lord one thousand nine hundred and ninety-seven.

THE JURORS for the COMMONWEALTH OF MASSACHUSETTS on their oath present that

## WAYNE CLAYTON,

on September 27, 199'', did unlawfully, knowingly and intentionally possess with intent to distribute a certain controlled

substance, to wit: marijuana, a Class D controlled substance under the provisions of G.L. c. 94C, § 31.

A TRUE BILL

_Assistant District Attorney_                    _Foreman of the Grand Jury_

DEC 1 0 1997

_Superior Court Department - Criminal Business_          _December, Sitting, 1997_

_Returned into said Superior Court by the Grand Jurors and ordered to be filed._

_Clerk Of Court_

MAS-20020121

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Criminal Docket

A.2

## SUCR1997-12131
## Commonwealth v Clayton, Wayne

| | | | |
|---|---|---|---|
| File Date | 12/11/1997 | Status | Disposed: Entered in Appeals Court (dapenter) |
| Status Date | 01/16/2003 | Session | 4 - Crim 4 Ctrm 10 - 2nd Fl. |
| Jury Trial | Waived | Origin | I - Indictment |
| Lead Case | | | |

| | | | | | |
|---|---|---|---|---|---|
| Trial Deadline | 12/22/1998 | Deadline Status | Deadline active since return date | Status Date | 12/11/1997 |
| | | Custody Status | Cedar Junction MCI (Walpole) | Start Date | |
| Weapon | | Substance | Class B | Prior Record | Unknown |
| Arraignment | 12/22/1997 | PTC Deadline | | Pro Se Defendant | No |

### OFFENSES

| Num | Offense | Code | Status | Status Date |
|---|---|---|---|---|
| 1 | 09/27/1997 | 094C:032E:b3 | Guilty finding | 12/12/2000 |
| | Traffic in controlled substance, 100-199g | | | |
| 2 | 09/27/1997 | 094C:032C:a | Guilty finding | 12/12/2000 |
| | Class D substnc, distrib/manufac | | | |

### PARTIES

**Defendant**
Wayne Clayton
695 Walkhill Street Apt#4
Mattapan, MA 02126
DOB: 01/29/1950
Gender: Male
M. Buckley, ADA
Active 11/26/1997

**Plaintiff**
Commonwealth
Gender: Unknown
Active 11/26/1997 Notify

**Private Counsel 116460**
Willie J Davis
Davis Robinson & White
One Faneuil Hall Marketplace
3rd Floor, South Building
Boston, MA 02109-1649
Phone: 617-723-7339
Fax: 617-723-7731
Active 04/28/1998 Notify

**District Atty's Office 600535**
Kevin R Mullen
Suffolk County District Atty's Office
1 Bulfinch Place
3rd floor
Boston, MA 02114
Phone: 617-619-4000
Fax: 617-619-4009
Inactive 01/04/2000

**District Atty's Office 563962**
Mark A Hallal
Suffolk County District Atty's Office
1 Bulfinch Place
3rd floor
Boston, MA 02114
Phone: 617-619-4000
Fax: 617-619-4009
Active 01/04/2000 Notify

## SUCR1997-12131
## Commonwealth v Clayton, Wayne

**Alias def: name**
Wayne Holland
Gender: Unknown
Active 11/26/1997

**Probation officer**
Sandy J. Stillwell
Chief Probation Office
Suffolk County Probation Dept.
Boston, MA 02109
Gender: Unknown
Active 01/04/2001 Notify

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 11/26/1997 | | Case opened to issue docket# to grand jury |
| 12/10/1997 | 1.0 | Indictment returned |
| 12/10/1997 | 2.0 | Motion by Commonwealth for summons of Deft to appear; filed & allowed. Volterra, J. |
| 12/10/1997 | | Summons for arraignment issued |
| 12/22/1997 | | Deft arraigned before Court |
| 12/22/1997 | | Deft waives reading of indictment |
| 12/22/1997 | | RE offense 1: Plea of not guilty |
| 12/22/1997 | | RE offense 2: Plea of not guilty |
| 12/22/1997 | | Deft notified of right to request drug exam |
| 12/22/1997 | | Bail satisfied: $5,000 cash bail transferred from Dorchester District Court #9707cr7605 without prejudice. Wilson, AC/M - J. Julian ADA - J. Gibbs, Court Reporter - W. Bulger, Attorney |
| 01/22/1998 | 3.0 | Pre-trial conference report filed. Wilson, AC/M - M. Buckley, ADA - P. Pietrella, Court Reporter - W. Bulger, Attorney |
| 03/05/1998 | | Motions to be filed by 4/14/98. Wilson, AC/M - M. Buckley, ADA - J. Gibbs, Court Reporter - W. Bulger, Jr., Attorney. |
| 04/28/1998 | | Received in the Third Criminal Session for trial on 06/15/98 per order of Donovan, J. and by agreement |
| 04/29/1998 | 4.0 | Deft files Motion to Suppress Evidence and Statements with Affidavit and Memorandum |
| 06/18/1998 | | Lobby. Continuance by agreement to 07/13/98 status conference and coun sel. King, J - M. Buckley, ADA - W. Bulger, Attorney |
| 06/22/1998 | 5.0 | Deft files motion to remand to first session and for leave to file dis covery motion, late. |
| 06/22/1998 | 6.0 | Deft files motion for discovery. |
| 07/13/1998 | | Deft not in Court. Case returned to 1st criminal session. |
| 07/13/1998 | | Motion (P#5) allowed. Walsh, AC/M |
| 10/02/1998 | | Motion (P#6 ) allowed as endorsed. Ball, J. - K. Mullen, ADA - D. McLean, Court Reporter - W. Davis, Attorney. |

### SUCR1997-12131
### Commonwealth v Clayton, Wayne

| Date | Paper | Text |
|---|---|---|
| 0/25/1999 | | Hearing re: (P#4) Motion to Suppress, after hearing Continued until 12/28/1999. For final arguments. Quinlan,J. - M. Hallal, ADA - N. King, Court Reporter - W. Davis, Attorney. |
| 2/28/1999 | | Defendant's presence waived by Defense Attorney. Commonwealth not objecting. Final Arguments on Motion to Suppress (P#4), after hearing taken underadvisement. Quinlan,J. - M. Hallal, ADA - N. King, Court Reporter - W. Davis. |
| 2/29/1999 | 7.0 | ORDERED: Memorandum of Decision and Order on Defendant's Motion to Suppress, filed (P#4) denied. (Quinlan,J. - M. Hallal, ADA - N. King, Court Reporter - W. Davis, Attorney. |
| 04/04/2000 | | Case returned to 1st session Court Room 21 for status. |
| 05/01/2000 | | Defendant not in Court. Set for trial week of 7/10/00 to be assigned by WKW. Neel, J - M. Hallal, ADA - D. McLean, Court Reporter - W. Davis, Attorney. (assigned to the IVth Session (Room 10)). |
| 08/17/2000 | 8.0 | Joint motion for continuance filed and allowed. Case continued to October 30, 2000. McDaniel, J. |
| 12/12/2000 | | Comes into Court. |
| 12/12/2000 | 9.0 | Motion by Deft: motion to reconsider pretrial ruling onmotion to suppress |
| 12/12/2000 | | Motion (P#9) after hearing, denied. |
| 12/12/2000 | 10.0 | Motion by Deft: motion in limine. |
| 12/12/2000 | | Motion #10 after hearing, Court takes no action. |
| 12/12/2000 | 11.0 | Motion by Deft: motion for the sequestration of witnesses |
| 12/12/2000 | | Motion (P#11) after hearing, allowed. |
| 12/12/2000 | 12.0 | Motion by Deft: request for voir dire of prospective jurors. |
| 12/12/2000 | 13.0 | Motion by Deft: waiver of right to trial by jury. |
| 12/12/2000 | | Motion (P#13) after hearing, allowed. |
| 12/12/2000 | | Commonwealth moves for trial without jury on Offense 001 and 002. |
| 12/12/2000 | | Trial without jury before McDaniel, J. |
| 12/12/2000 | | RE Offense 1:Guilty finding |
| 12/12/2000 | | RE Offense 2:Guilty finding |
| 12/12/2000 | | Sentence imposed: Offense 001: MCI Cedar Junction max: ten years, one day, min: ten years. mittimus issued. |
| 12/12/2000 | | Sentence imposed: Offense 002: Two years House of Correction, South Bay. This sentence to be served concurrently with sentence imposed on Offense 001. |
| 12/12/2000 | | Sentence credit given as per 279:33A: zero days. |
| 12/12/2000 | | Drug fee assessed: $150.00 |
| 12/12/2000 | | Victim-witness fee assessed: $60.00 |
| 12/12/2000 | | Notified of right of appeal under Rule 64 |
| 12/12/2000 | | Notified of right of appeal under Rule 65 |
| 12/12/2000 | | Court orders drugs confiscated and destroyed but stayed pending appeal. McDaniel, J. - M. Hallal, ADA - D. Roseboom, Court Reporter - W. Davis, Attorney. |
| 12/13/2000 | 14.0 | Motion by Deft: notice of appeal |
| 12/13/2000 | 15.0 | Motion by Deft: motion for free transcript of trial (McDaniel, J |

A.5

## SUCR1997-12131
## Commonwealth v Clayton, Wayne

| ate | Paper | Text |
|---|---|---|
| | 15.0 | notified) |
| 2/13/2000 | 16.0 | Motion by Deft: motion for leave to proceed in forma pauperis (McDaniel, J notified) |
| 2/13/2000 | 17.0 | Motion by Deft: motion for appointment of counsel (McDaniel, J notified) |
| 2/21/2000 | 18.0 | Deft files pro-se: appeal from sentence to M.C.I. Cedar Junction. (DelVecchio, CJ, McDaniel, J. & Stillwell, CPO notified 1/4/01). |
| 01/09/2001 | | Copy of notice of appeal mailed to McDaniel,J and M.Hallal, ADA |
| 01/09/2001 | | Court Reporter N.King is hereby notified to prepare one copy of the transcript of the evidence of October 25,1999 & December 28,1999 for hearing on Motion to Suppress before Quinlan, J . |
| 01/09/2001 | 19.0 | Court Reporter David Roseboom is hereby notified to prepare one copy of the transcript of the evidence of December 12,2000 for hearing on Motions - Trial - Guilty Finding and Disposition before mcDaniel,J. Certififcate of Clerk-filed. |
| 01/18/2001 | | Motion (P#15) allowed. |
| 01/18/2001 | | Motion (P#16) allowed. |
| 01/18/2001 | | Motion (P#17) allowed. ( ADA M. Hallal and Atty. W. Davis each notified with copies.) |
| 01/25/2001 | 23.0 | Drug fee paid as assessed in the amount of $150.00. |
| 01/25/2001 | | Victim-witness fee paid as assessed in the amount of $60.00. |
| 02/09/2001 | | Transcript of testimony received from D.Roseboom, Court Reporter. |
| 04/05/2001 | | Evidence delivered to B.P.D. evidence officer. |
| 06/25/2002 | | Second notice sent to Court Reporter N.King, Re: Transcripts.. |
| 08/26/2002 | | Transcript of testimony received N.King, Court Reporter. |
| 12/05/2002 | | Transcript of testimony received from N.King, Court Reporter. |
| 12/17/2002 | | Notice sent to attorneys that transcripts are available. |
| 12/23/2002 | 20.0 | Certificate of delivery of transcript by clerk filed. |
| 01/10/2003 | | Second notice sent to Attorney W.Davis that transcripts are available. |
| 01/10/2003 | 21.0 | Certificate of delivery of transcript by clerk filed. |
| 01/13/2003 | | Notice of completion of assembly of record sent to clerk of Appeals Court and attorneys for the Commonwealth and defendant. |
| 01/13/2003 | | Two (2) certified copies of docket entries, original and copy of transcript, two (2) copies of exhibit list and list of documents, Copy of #7-memorandum of Decision and Order on efendant's Motion to Suppress, and copy of the notice of appeal #4, each transmitted to clerk of appellate court.(R.Daly,ADA - M.Hallal,ADA - W.Davis, Attorney for the defendant) |
| 01/15/2003 | 22.0 | Notice of Entry of appeal received from the Appeals Court |

## EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 12/22/1997 | Crim 1 Ctrm 21- 15th Fl. | Arraignment | Event held as scheduled |
| 01/22/1998 | Crim 1 Ctrm 21- 15th Fl. | Conference: Pre-Trial Continuance by agreement. | |
| 03/05/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion Continuance by agreement. Motions to be filed by 02/26/98. | Event held as scheduled |

A.6

## SUCR1997-12131
## Commonwealth v Clayton, Wayne

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 4/28/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | Event held as scheduled |
| 6/15/1998 | Crim 3 Ctrm 9 - 2nd Fl. | Continuance by agreement. Conference: Trial Assignment | |
| 7/13/1998 | Crim 3 Ctrm 9 - 2nd Fl. | Hearing: Motion | |
| 9/03/1998 | Crim 1 Ctrm 21- 15th Fl. | Hearing: Motion | |
| 9/25/1998 | Crim 1 Ctrm 21- 15th Fl. | Continuance by agreement. Hearing: Misc Matters | Event held as scheduled |
| 10/02/1998 | Crim 1 Ctrm 21- 15th Fl. | Continued by Agreement. RE: Hearing. Hearing: Motion | |
| 11/09/1998 | Crim 1 Ctrm 21- 15th Fl. | Continued by agreement. RE: Non-Evidentiary Motions. | |
| 11/23/1998 | Crim 2 Ctrm 8 - 2 nd Fl. | Continuance by agreement. | |
| 08/16/1999 | Crim 2 Ctrm 8 - 2 nd Fl. | Conference: Status Review | Event canceled not re-scheduled |
| 09/16/1999 | Crim 2 Ctrm 8 - 2 nd Fl. | Conference: Status Review | Event held as scheduled |
| 10/25/1999 | Crim 3 Ctrm 9 - 2nd Fl. | Hearing: Motion | |
| 11/24/1999 | Crim 3 Ctrm 9 - 2nd Fl. | Hearing: Motion | Event canceled not re-scheduled |
| 02/22/2000 | Crim 3 Ctrm 9 - 2nd Fl. | Conference: Status Review | Event not held--scheduled for another date |
| 03/01/2000 | Crim 3 Ctrm 9 - 2nd Fl. | Conference: Trial Assignment | Event not held--scheduled for another date |
| 03/13/2000 | Crim 3 Ctrm 9 - 2nd Fl. | Conference: Status Review | Event not held--scheduled for another date |
| 04/12/2000 | Crim 1 Ctrm 21- 15th Fl. | Conference: Status Review | Event not held--scheduled for another date |
| 05/01/2000 | Crim 1 Ctrm 21- 15th Fl. | Conference: Trial Assignment | Event held as scheduled |
| 07/10/2000 | Crim 4 Ctrm 10 - 2nd Fl. | Continuance by agreement TRIAL: by jury | Event held as scheduled |
| 08/07/2000 | Crim 4 Ctrm 10 - 2nd Fl. | Status: Review by Session | Event not held--scheduled for another date |
| | | Case in session since 5/1/00. Please contact Asst. Clerk in session. Re: scheduling of a trial date. WKW | |
| 10/30/2000 | Crim 4 Ctrm 10 - 2nd Fl. | TRIAL: by jury | Event not held--scheduled for another date |
| 12/11/2000 | Crim 4 Ctrm 10 - 2nd Fl. | TRIAL: by jury | Event not held--scheduled for another date |
| 12/12/2000 | Crim 4 Ctrm 10 - 2nd Fl. | TRIAL: by jury | Trial ends |
| | | Jury waived trial before McDaniel, J. | |

## BAIL

| | |
|---|---|
| **Bail Type** | Cash |
| **Bail Amount** | $5,000.00 |
| **Bail Status** | Transfered |
| **Status Date** | 01/21/1998 |

A.7

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                    SUPERIOR COURT
                                               CRIMINAL No.
                                               SUCR-97-12131

COMMONWEALTH

VS.

WAYNE CLAYTON

## MOTION TO SUPPRESS EVIDENCE AND STATEMENTS
## ILLEGALLY SEIZED WITHOUT A WARRANT

Now comes the defendant, being aggrieved by an illegal arrest of his person, and illegal searches and seizures directed at his person, a motor vehicle and the contents of that motor vehicle, and by the deprivation of his right to remain silent and to consult with and be represented by counsel, and moves that this Honorable Court order that all property taken or about September 27, 1997 by Boston Police officers, which evidence the Commonwealth intends to introduce in this case, be suppressed as evidence against him in this or any other proceeding.

The defendant further moves that all evidence of admissions, by way of either act or statement by him resulting directly or indirectly from said illegal arrest, search or seizures, be suppressed as evidence against him in this or any other proceeding.

The defendant further moves that all other evidence obtained as the direct or indirect result of said arrest, searches and seizures, and admissions be suppressed as evidence against him in this or any other proceeding.

And the defendant further states that the aforesaid evidence was obtained in violation of the effective assistance of counsel as guaranteed to him by the Sixth Amendment to the Constitution of the United States, in violation of the defendant's right to be secure from an unreasonable search and seizure as guaranteed by the Fourth Amendment to the United States Constitution and Article XIV of the Declaration of Rights to the Constitution of the Commonwealth of Massachusetts and in violation of the provisions of the General Laws of the Commonwealth of Massachusetts.

The defendant further states that his person and the motor vehicle were searched, property seized from his person and the motor vehicle, and property seized therefrom, and admissions obtained from him under the following circumstances:

1.) Without legal justification;

A.8

page 2

2.)  The property seized was not a proper subject of seizure;

3.)  The search of the defendant was made without any legal justification;

4.)  The search was made without a warrant;

5.)  The search was made in violation of G.L. c. 276;

6.)  The search was made in violation of the United States Constitution and the
     Declaration of Rights to the Constitution of the Commonwealth of
     Massachusetts;

7.)  The search and seizure was not incident to a lawful arrest;

8.)  The defendant was not advised of his constitutional right to consult with and
     be represented by counsel.

Respectfully submitted

Dated  April 29, 1998

William M. Bulger, Jr.
(BBO # 549642)
Bulger, Berube, McDermott & McOsker
112 Water Street
Boston, MA 02109
(617)-523-0700

A.9

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss

SUPERIOR COURT
CRIMINAL No.
SUCR-97-12131

COMMONWEALTH

VS.

WAYNE CLAYTON

AFFIDAVIT OF DEFENDANT WAYNE CLAYTON IN SUPPORT OF
MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

I, Wayne Clayton, do hereby depose under oath and state that:

1.) On the evening of September 27, 1997 at approximately 8:00 p.m., a motor vehicle that I was operating was stopped by Boston Police Officers in the vicinity of Harvard Street and Franklin Hill Avenue in the City of Boston;

2.) I was ordered out of the motor vehicle and brought to the rear of the motor vehicle where I observed a number of officers; and I was placed under arrest and searched by those officers; and those officers then searched the motor vehicle and the contents of the motor vehicle;

3.) I am informed and believe that it is alleged that a quantity of controlled substance was found on my person and in the motor vehicle, and I have been charged with possessing that substance with the intent to distribute that controlled substance;

4.) I was not advised of my constitutional rights at the scene of my arrest.

Signed under the pains and penalties of perjury this twenty ninth day of April, 1998

Wayne Clayton

A.10

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                  INDICTMENT
                                                             No. 97-12131

COMMONWEALTH

vs.

WAYNE CLAYTON
Defendant

MEMORANDUM OF DECISION AND ORDER ON
DEFENDANT'S MOTION TO SUPPRESS

The defendant Wayne Clayton is charged with trafficking in cocaine and

possession of a Class D controlled substance with intent to distribute.  The defendant

has moved to suppress evidence obtained as a result of a warrantless search on

September 27, 1997.  The Commonwealth opposes the motion.

### Findings of Fact

Based upon the evidence produced at hearing on the defendant's motion and

reasonable inferences thereon, the court makes the following findings of fact:

On September 27, 1997 at approximately 6:00 p.m., John Acloque[1], an detective

assigned to the drug unit at District 2 of the Boston Police Department, received a page

from an informant he had used in the past.  Det. Acloque was informed that a black

---

[1]     Det. Acloque had been a police officer since 1988 and assigned to the drug unit
since 1996.  He has received training in narcotics investigations in both the Police Academy and
through the U.S. Drug Enforcement Administration.  As a police officer, he made more than
1,000 drug arrests.  Since being assigned to the drug unit, he has made a 1,000 more drug
arrests.

man was in the River Street area dealing drugs. The informant also stated that the man

had a large quantity of drugs. The man was further described as 5' 6" to 5' 7" tall and

having a pony tail and wearing a red vest and white shirt. According to the informant,

the man was dealing drugs in the Rolls Club located on River Street near Blue Hill

Avenue. The area was described by Det. Acloque as not being a high crime area but

rather a medium crime area known for drug activity.

Det. Acloque and five other plain clothes officers, each in a separate vehicle,

drove to the area to conduct a surveillance of the Rolls Club area. None of the officers

went inside the club.[2] Approximately 15 to 20 minutes after arriving at the scene, Det.

Acloque observed a black male who matched the description given by the informant

leave the Rolls Club and go to the adjacent parking area. The suspect (later identified

as the defendant) was observed having a brief conversation with another black male.

There appeared to be an exchange between the two. Det. Acloque saw the second black

male give currency to the defendant. Det. John Broderick[3], one of the officers

conducting a surveillance nearer the parking area, radioed to Det. Acloque that he also

saw the exchange and had observed the defendant walk toward a vehicle parked in the

lot. Det. Broderick observed the defendant open the driver's door, lean in and then

hand an object to the second man. The defendant returned to the Rolls Club and the

second man left the area.

---

[2]    Det. Acloque had previously done details in the Rolls Club.

[3]    Det. Broderick is also experienced in narcotics investigations.

2

Approximately 10 to 15 minutes later, Det. Acloque saw the defendant come outside the Rolls Club again. He observed the defendant engage in a brief conversation with another black male and make what appeared to be an exchange. This time, Det. Acloque did not see what was being exchanged. However, Det. Broderick observed the defendant and the man walk toward the defendant's truck. The defendant again opened the door, leaned in and then handed an object to the other man. Following the exchange, both men were observed walking to the parking lot. Det. Broderick radioed that he had seen the exchange as well. He also described the defendant's vehicle as a black truck. A few moments later, the defendant and the man walked back into the Rolls Club.

Approximately 20 minutes later, the defendant left the Rolls Club, went to his truck and drove out of the lot. Det. Acloque followed in his unmarked police vehicle. The defendant proceeded to Blue Hill Avenue, stopping at the corner of Blue Hill Avenue and Clarkwood Street. Det. Acloque observed a second vehicle pull over and stop near the defendant's truck. Det. Acloque was able to observe the defendant get out of his truck but unable to observe what he did thereafter. However, he received a radio communication from Det. Walsh who advised him that he (Det. Walsh) saw the defendant get into the second vehicle and make some sort of exchange. The defendant then returned to his truck and continued on Blue Hill Avenue. The second vehicle left the area. It was stopped shortly thereafter, prior to the stop of the defendant. No drugs were found.

Det. Acloque continued following the defendant. He observed the defendant

3

stop at Harvard Street and enter a house. He came out a few moments later and proceeded in his truck down Harvard Street. The defendant's truck was stopped on Harvard Street by Officer Haynes. Det. Acloque proceeded to the scene of the stop while in radio communication with other officers. Det. Broderick stated that, as he approached the passenger side of the truck, he observed the defendant take a black object from the center console and slide it into his groin area. When Det. Acloque arrived, the defendant was out of his vehicle. Det. Acloque conducted a pat frisk and felt an object in his groin area. Det. Acloque removed a small black pouch which he opened. Det. Acloque found 11 packets of what he believed to be cocaine in the pouch. The defendant was arrested. The pat down continued and 8 more packets of cocaine were found in the defendant's right vest pocket. Officers seized the cocaine as well as $685 in currency including $130.00 which the defendant had in his hand. The defendant was transported to the station in a marked cruiser.

After the defendant left, the officers called a tow truck and searched the van pursuant to the written Boston Police Inventory Policy. Det. Acloque observed a large blue bag in the truck. The bag was searched and seized. The bag contained additional cocaine and marijuana.

### Discussion

"'[P]robable cause exists where, at the moment of arrest, the facts and circumstances within the knowledge of the police are enough to warrant a prudent person in believing that the individual arrested has committed or was committing an

4

offense.'" *Commonwealth v. Kennedy,* 426 Mass. 703, 710 (Mass. 1998) quoting

*Commonwealth v. Santaliz,* 413 Mass. 238, 241 (1992). Facts presented in support of

probable cause are not viewed in isolation but rather as a "whole 'silent movie'

disclosed to the eyes of an experienced narcotics investigator." *Id.*

 Notwithstanding the fact that officers did not know or recognize the defendant

as a drug dealer, their collective observations justified, at a minimum, an investigatory

stop. The failure of police to discover drugs in the other vehicle observed did not

negate inference experiences narcotics officers could reasonably draw from the series of

transactions observed in the parking lot near the Rolls Club. See *Commonwealth v. Peters,*

48 Mass.App.Ct. 15, 18  (1999).  The stop of the defendant was lawful. Det. Broderick's

observation of the defendant trying to hide the black pouch was a furtive gesture which

justified the pat down and inspection of the bag. "A protective search may . . . be

justified by a suspect's furtive reactions . . . . " *Commonwealth v. Souza,* 42 Mass.App.Ct.

186, 191 (1997).  With discovery of the cocaine in the pouch, any question as to the

existence of probable cause to arrest the defendant was resolved. Further search of the

defendant's person was a valid search incident to arrest. See *Commonwealth v. Peters,* 48

Mass. App. Ct. at 21-22.

 The search of the defendant's truck was conducted pursuant to a written policy

which was introduced into evidence. The Commonwealth introduced the written

inventory policy which officers complied with.  Even assuming that officers failed to

comply with that policy, the search of the vehicle can be justified as a search incident to

the defendant's arrest.  See *Commonwealth v. Peters*, 42 Mass.App.Ct. at 22.

## Order

For the foregoing reasons, the defendant's Motion to Suppress is DENIED.

Regina L. Quinlan
Justice of the Superior Court

Date:  December 29, 1999

A.16

COMMONWEALTH OF MASSACHUSETTS

SSUFFOLK, SS                          SUPERIOR COURT
                                      NO. 97-12131

COMMONWEALTH OF MASSACHUSETTS

V.

WAYNE CLAYTON

## MOTION TO RECONSIDER PRETRIAL RULING ON MOTION TO SUPPRESS

Now comes the defendant in the above matter and moves that the court reconsider the ruling of the motion judge on the motion to suppress. In support of this motion the defendant says that trial judges may reconsider pretrial rulings made by other judges. Commonwealth v. Ortiz, 431 Mass. 134, 142 n.7 (2000).

Copies of the motion and ruling thereon are attached hereto.

                              By His Attorney,

                              *Willie J. Davis*

                              WILLIE J. DAVIS
                              BBO#: 116460
                              Davis, Robinson & White, LLP
                              15 Court Square, Suite 960
                              Boston, MA 02108
                              (617)723-7339

DEC 1 2 2000

*[handwritten notations]*

A-17

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                          SUPERIOR COURT
                                     NO. 97-12131

### COMMONWEALTH OF MASSACHUSETTS

V.

### WAYNE CLAYTON

### NOTICE OF APPEAL

Notice is hereby given that the defendant in the above matter appeals from the Judgment of Conviction entered on December 12, 2000.

By His Attorney,

*Willie J. Davis*

WILLIE J. DAVIS
BBO#: 116460
Davis, Robinson & White, LLP
15 Court Square, Suite 960
Boston, MA 02108
(617)723-7339

DATE: December 13, 2000

DEC 1 3 2000
*Filed*

A.18

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-53

COMMONWEALTH

vs.

WAYNE CLAYTON.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

On review of the briefs, transcript, record appendix, and the order of the motion judge, we can say with fair assurance that the defendant's motion to suppress was correctly denied.

Alternately, pretermitting the several issues the defendant has raised on appeal, we think it is manifest from the record that there was probable cause to arrest the defendant, and thus the search incident to that arrest was valid.

Accordingly, and based on the reasoning and authorities set out in the Commonwealth's brief, there was no error in the order denying the defendant's motion to suppress. The judgment of conviction is affirmed.

Judgment affirmed.

By the Court (Doerfer, Brown & Green, JJ.),

Ashley Ahearn

Clerk

Entered:    December 11, 2003.

**M.G.L. c. 94C, § 32C. Class D controlled substances; unlawful manufacture, distribution, dispensing, cultivation or possession with intent to manufacture, etc.**

(a) Any person who knowingly or intentionally manufactures, distributes, dispenses or cultivates, or possesses with intent to manufacture, distribute, dispense or cultivate a controlled substance in Class D of section thirty-one shall be imprisoned in a jail or house of correction for not more than two years or by a fine of not less than five hundred nor more than five thousand dollars, or both such fine and imprisonment.

(b) Any person convicted of violating this section after one or more prior convictions of manufacturing, distributing, dispensing, cultivating or possessing with intent to manufacture, distribute, dispense or cultivate a controlled substance as defined by section thirty-one under this or any prior law of this jurisdiction or of any offense of any other jurisdiction, federal, state, or territorial, which is the same as or necessarily includes the elements of said offense shall be punished by a term of imprisonment in a jail or house of correction for not less than one nor more than two and one-half years, or by a fine of not less than one thousand nor more than ten thousand dollars, or both such fine and imprisonment.

**M.G.L. c. 94C, § 32E. Trafficking in marihuana, cocaine, heroin, morphine, opium, etc.**

(a) Any person who traffics in marihuana by knowingly or intentionally manufacturing, distributing, dispensing, or cultivating or possessing with intent to manufacture, distribute, dispense, or cultivate, or by bringing into the commonwealth a net weight of fifty pounds or more of marihuana or a net weight of fifty pounds or more of any mixture containing marihuana shall, if the net weight of marihuana or any mixture thereof is:

(1) Fifty pounds or more, but less than one hundred pounds, be punished by a term of imprisonment in the state prison for not less than two and one-half nor more than fifteen years or by imprisonment in a jail or house of correction for not less than one nor more than two and one-half years. No sentence imposed under the provisions of this section shall be for less than a mandatory minimum term of imprisonment of one year and a fine of not less than five hundred nor more than ten thousand dollars may be imposed but not in lieu of the mandatory minimum one year term of imprisonment, as established herein.

(2) One hundred pounds or more, but less than two thousand pounds, be punished by a term of imprisonment in the state prison for not less than three nor more than fifteen years. No sentence imposed under the provisions of this section shall be for less than a mandatory minimum term of imprisonment of three years and a fine of not less than two thousand and five hundred nor more than twenty-five thousand dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established herein.

(3) Two thousand pounds or more, but less than ten thousand pounds, be punished by a term of imprisonment in the state prison for not less than five nor more than fifteen years. No sentence imposed under the provisions of this section shall be for less than a mandatory minimum term of imprisonment of five years and a fine of not less than five thousand nor more than fifty thousand dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established herein.

(4) Ten thousand pounds or more, be punished by a term of imprisonment in the state prison for not less than ten nor more than fifteen years. No sentence imposed under the provisions of this section shall be for less than a mandatory minimum term of imprisonment of ten years and a

fine of not less than twenty thousand nor more than two hundred thousand dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established herein.

(b) Any person who traffics in a controlled substance defined in clause (4) of paragraph (a) or in clause (3) of paragraph (c) of Class B of section thirty-one by knowingly or intentionally manufacturing, distributing or dispensing or possessing with intent to manufacture, distribute or dispense or by bringing into the commonwealth a net weight of fourteen grams or more of a controlled substance as so defined, or a net weight of fourteen grams or more of any mixture containing a controlled substance as so defined shall, if the net weight of a controlled substance as so defined, or any mixture thereof is:

(1) Fourteen grams or more but less than twenty-eight grams, be punished by a term of imprisonment in the state prison for not less than three nor more than fifteen years. No sentence imposed under the provisions of this clause shall be for less than a minimum term of imprisonment of three years, and a fine of not less than two thousand five hundred nor more than twenty-five thousand dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established herein.

(2) Twenty-eight grams or more, but less than one hundred grams, be punished by a term of imprisonment in the state prison for not less than five nor more than twenty years. No sentence imposed under the provisions of this clause shall be for less than a mandatory minimum term of imprisonment of five years, and a fine of not less than five thousand nor more than fifty thousand dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established herein.

(3) One hundred grams or more, but less than two hundred grams, be punished by a term of

imprisonment in the state prison for not less
than ten nor more than twenty years. No sentence
imposed under the provisions of this clause shall
be for less than a mandatory minimum term of
imprisonment of ten years and a fine of not less
than ten thousand nor more than one hundred
thousand dollars may be imposed but not in lieu
of the mandatory minimum term of imprisonment, as
established herein.

(4) Two hundred grams or more, be punished
by a term of imprisonment in the state prison for
not less than fifteen nor more than twenty years.
No sentence imposed under the provisions of this
clause shall be for less than a mandatory minimum
term of imprisonment of fifteen years and a fine
of not less than fifty thousand nor more than
five hundred thousand dollars may be imposed but
not in lieu of the mandatory minimum term of
imprisonment, as established herein.

(c) Any person who trafficks in heroin or any
salt thereof, morphine or any salt thereof, opium or
any derivative thereof by knowingly or intentionally
manufacturing,    distributing    or    dispensing    or
possessing with intent to manufacture, distribute, or
dispense or by bringing into the commonwealth a net
weight of fourteen grams or more of heroin or any salt
thereof, morphine or any salt thereof, opium or any
derivative thereof or a net weight of fourteen grams
or more of any mixture containing heroin or any salt
thereof, morphine or any salt thereof, opium or any
derivative thereof shall, if the net weight of heroin
or any salt thereof, morphine or any salt thereof,
opium or any derivative thereof or any mixture thereof
is:-

(1) Fourteen grams or more but less than
twenty-eight grams, be punished by a term of
imprisonment in the state prison for not less
than five nor more than twenty years. No sentence
imposed under the provisions of this clause shall
be for less than a mandatory minimum term of
imprisonment of five years and a fine of not less
than five thousand nor more than fifty thousand

dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established herein.

(2) Twenty-eight grams or more but less than one hundred grams, be punished by a term of imprisonment in the state prison for not less than seven nor more than twenty years. No sentence imposed under the provisions of this clause shall be for less than a mandatory minimum term of imprisonment of seven years and a fine of not less than five thousand nor more than fifty thousand dollars may be imposed, but not in lieu of the mandatory minimum term of imprisonment, as established herein.

(3) One hundred grams or more but less than two hundred grams, be punished by a term of imprisonment in the state prison for not less than ten nor more than twenty years. No sentence imposed under the provisions of this clause shall be for less than the mandatory minimum term of imprisonment of ten years, and a fine of not less than ten thousand nor more than one hundred thousand dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established therein.

(4) Two hundred grams or more, be punished by a term of imprisonment in the state prison for not less than fifteen nor more than twenty years. No sentence imposed under the provisions of this clause shall be for less than a mandatory minimum term of imprisonment of fifteen years and a fine of not less than fifty thousand nor more than five hundred thousand dollars may be imposed but not in lieu of the mandatory minimum term of imprisonment, as established therein.

(Rev. 11/04)

# CIVIL COVER SHEET

ᴄivil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided
⸱ of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating
⸱ sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| ᴧNTIFFS | DEFENDANTS |
|---|---|
| WAYNE CLAYTON | MICHAEL CORSINI    2005 APR 13 P 3: 01 |

| (b) County of Residence of First Listed Plaintiff    **NORFOLK**<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant    **NORFOLK**<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br><br>PRO SE | Attorneys (If Known)<br><br>**05-10772DPW** |

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
        Plaintiff

☒ 3  Federal Question
        (U.S. Government Not a Party)

☐ 2  U.S. Government
        Defendant

☐ 4  Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excl. Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury -<br>    Med. Malpractice<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational<br>    Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting<br>    & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc.<br>    Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/<br>    Exchange<br>☐ 875 Customer Challenge<br>    12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information<br>    Act<br>☐ 900Appeal of Fee Determination<br>    Under Equal Access<br>    to Justice<br>☐ 950 Constitutionality of<br>    State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate<br>    Sentence<br>    **Habeas Corpus:**<br>☒ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

☒ 1 Original
      Proceeding

☐ 2 Removed from
      State Court

☐ 3 Remanded from
      Appellate Court

☐ 4 Reinstated or
      Reopened

☐ 5 Transferred from
      another district
      (specify)

☐ 6 Multidistrict
      Litigation

☐ 7 Appeal to District
      Judge from
      Magistrate
      Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 18 USC §2254

Brief description of cause:    HABEAS CORPUS PETITION/STATE CUSTODY

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
    UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE

DOCKET NUMBER

| DATE<br><br>APRIL 6, 2005 | SIGNATURE OF ATTORNEY OF RECORD<br><br>Wayne Clayton /PRO SE |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT C
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  WAYNE CLAYTON V.
MICHAEL CORSINI

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

____ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

____ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

____ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

_X_  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

____ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
COURT?
                                                            YES          NO X

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                            YES          NO

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                            YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
28 USC §2284?
                                                            YES          NO X

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                            YES X        NO

    A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

          EASTERN DIVISION X            CENTRAL DIVISION              WESTERN DIVISION

    B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
          GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

          EASTERN DIVISION              CENTRAL DIVISION              WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    WAYNE CLAYTON/ PRO SE
ADDRESS    P.O. BOX 73/ NORFOLK, MA 02056
TELEPHONE NO.

(Cover sheet local.wpd - 11/27/00)