UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAYNE CLAYTON,  )<br>            )<br>     Petitioner,  )<br>            )<br>     v.     )<br>            )<br>MICHAEL CORSINI, SUPERINTENDENT,  )<br>     Respondent.  ) | C.A. No. 05-10772-DPW |

MEMORANDUM AND ORDER

WOODLOCK, D.J.

For the reasons stated below, the petitioner Wayne Clayton shall, within forty-two (42) days of the date of this Memorandum and Order, either pay the $5.00 filing fee for habeas petitions, or seek a waiver thereof by filing a completed Application to Proceed Without Prepayment of Fees and Affidavit, accompanied by his prison account statement.

FACTS

On April 13, 2005 Petitioner Wayne Clayton, currently an inmate at Bay State Correctional Center, in Norfolk, MA submitted his self prepared petition for writ of habeas corpus, pursuant to 28 U.S. C. § 2254. Clayton asserts he has exhausted his state remedies, and indicates that the Supreme Judicial Court denied further appellate review on December 1, 2004. Accordingly, the petition appears timely, under 28 U.S.C. § 2244(d)(1). This is Clayton's first habeas petition.

Clayton did not pay the $5.00 filing fee levied by this Court on habeas petitions, nor did he file an Application to

Proceed Without Prepayment of Fees and Affidavit.

## ANALYSIS

I.   <u>Clayton Shall Pay the Filing Fee or Seek a Waiver Thereof.</u>

Because Clayton has filed a habeas petition pursuant to 28 U.S.C. § 2254, he must either (1) pay the $5.00 filing fee for habeas corpus actions, or (2) file an Application to Proceed Without Prepayment of Fees.  <u>See</u> 28 U.S.C. § 1914(a)(filing fees); § 1915(proceedings *in forma pauperis*).  Additionally, an application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the Petitioner's credit at his institution of incarceration. <u>See</u> Rule 3(a) of the Rules Governing Section 2254 cases (if a petitioner desires to prosecute a petition *in forma pauperis*, he shall file the affidavit required by § 1915 and a certified statement of the amount of funds in prisoner's institutional account); 28 U.S.C. § 1915(a)(2).  Because Clayton has not submitted the filing fee or an application to waive the fee, the Court will permit him an opportunity to do so.

Accordingly, it is hereby ORDERED that within forty-two (42) days of the date of this Memorandum and Order, Petitioner Clayton shall either pay the $5.00 filing fee to the Clerk's Office of the U.S. District Court, or he shall file a completed form entitled "Application to Proceed Without Prepayment of Fees and

Affidavit" accompanied by his prison account statement. Failure to comply with this Memorandum and Order shall result in dismissal of this action.

The clerk is directed to provide Clayton with the Application form along with a copy of this Memorandum and Order.

II. <u>Order to Superintendent and/or Treasurer's Office</u>.

To the extent that the Superintendent or the Treasurer's Office at Bay State Correctional Center requires a Court Order to issue a check to this Court in payment of the $5.00 filing fee from Petitioner Clayton's personal or savings prison account, it is hereby ORDERED:

> Upon the request by Petitioner Clayton for the issuance of a check in the amount of $5.00 for the purpose of paying the filing fee, the Treasurer's Office at Bay State Correctional Center or such other facility holding funds of Petitioner Clayton, shall, if there are sufficient funds in the prisoner account, issue a check for $5.00, payable to the Clerk, U.S. District Court, referencing the above Civil Action number.

CONCLUSION

Accordingly, for the reasons set forth above, it is hereby ORDERED:

1. Within forty-two (42) days, Clayton shall either pay the $5.00 filing fee or file a completed Application to Proceed Without Prepayment of Fee, accompanied by his prison account statement. Failure to comply with this Order shall result in dismissal of this action. The clerk shall provide Clayton with the Application form along with a copy of this Order.

2. To the extent the Superintendent and/or Treasurer's Office

at Bay State Correctional Center, or other facility holding funds of the Petitioner, requires a Court Order to issue a check from Petitioner's prison account, this Memorandum and Order shall serve as such an Order.

                                        <u>/s/ Douglas P. Woodlock</u>
                                        DOUGLAS P. WOODLOCK
                                        UNITED STATES DISTRICT JUDGE

Dated: April 19, 2005