UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WAYNE CLAYTON )  | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | Civil Action No. 05-10772-DPW | |
| ) | | |
| MICHAEL CORSINI ) | | |
| Respondent. ) | | |
| ) | | |

**RESPONDENT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS THE HABEAS CORPUS PETITION**

This memorandum of law is submitted in support of the respondent's motion to dismiss the habeas corpus petition filed by Wayne Clayton (the "petitioner"). As argued in this memorandum, the petition should be dismissed where the petitioner has presented a Fourth Amendment claim that is barred by *Stone v. Powell*, 428 U.S. 465 (1976).

**PRIOR PROCEEDINGS**

On December 10, 1997, a Suffolk County, Massachusetts, grand jury returned indictments against the petitioner for the following offenses: trafficking in over 100 grams of cocaine and possession of marijuana with intent to distribute. *See* SA: I.[1] On April 29, 1998, the petitioner filed a motion to suppress, claiming that cocaine and marijuana seized from him by police were fruits of an illegal stop. *See* A.7-9. On October 25, 1999, Judge Regina Quinlan conducted an evidentiary hearing on the motion. See S.A. I. On December

---

[1] The respondent herein references the petitioner's Appendix as A.-- and his Supplemental Answer, containing the state court materials from the petitioner's trial and appeal, as "SA" followed by the exhibit numbers.

28, 2000, Judge Quinlan heard arguments from counsel on the motion and denied the motion the following day in a written memorandum and decision. See A. 10-15. The petitioner's motion to reconsider the denial of the motion to suppress was denied on December 12, 2000. See A. 16, S.A. I.

Following a jury-waived trial, McDaniel, J., presiding, the petitioner was convicted of both charges on December 12, 2000. See S.A. I. Judge McDaniel sentenced the petitioner to ten years to ten years and a day on the trafficking conviction and to a concurrent term of two years in the house of correction on the possession of marijuana conviction. See S.A. I.

On appeal, the petitioner raised one claim, arguing that the Commonwealth failed to meet its burden of demonstrating that the stop of the defendant was constitutionally permissible. See. S.A. II. The Appeals Court affirmed the petitioner's convictions and the denial of his motion to suppress on December 11, 2003. *Commonwealth v. Clayton*, 60 Mass. App. Ct. 1107, 800 N.E.2d 346 (2003), S.A. IV. The petitioner then applied for further appellate review at the Supreme Judicial Court, raising the same claim that the police had neither reasonable suspicion nor probable cause to support the search. See S.A. V. The SJC denied the application on December 1, 2004. *Commonwealth v. Clayton*, 442 Mass. 1113, 818 N.E.2d 1067 (2004), S.A. VI.

On April 13, 2005, the petitioner filed a petition for writ of habeas corpus with this Court. The petitioner raises two claims in the petition: 1) the conviction was obtained by use of evidence gained pursuant to an unlawful search and seizure; and 2) the motion to suppress

was improperly denied.

## ARGUMENT

**THE PETITIONER'S FOURTH AMENDMENT CLAIM IS BARRED FROM HABEAS REVIEW BY** *STONE v. POWELL.*

Prior to his state court trial, the petitioner filed a pre-trial motion to suppress statements and evidence seized without a warrant as a result of a search of his motor vehicle. See A. 7-9. A hearing on the motion was held on October 25, 1999 before Justice Regina Quinlan (S.A. I) who subsequently denied the petitioner's motion in a five-page decision. A.10-15.

Now, the petitioner presents his Fourth Amendment claim to the federal habeas court, contending that the trial court erred in denying the motion to suppress. See Pet. Mem., p. 6-13. Specifically, he alleges that the police did not have reasonable suspicion to conduct an investigatory stop and lacked probable cause prior to his arrest to justify the search of his black pouch. See Pet. Memo pp. 10-12.

This claim, which is based upon the Fourth Amendment guarantee against illegal searches and seizures, is foreclosed from habeas review under the rule of *Stone v. Powell*, 428 U.S. 465 (1976); *see Parmigiano v. Houle*, 618 F. 2d 877 (1st Cir. 1980). It is well settled that, where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner cannot obtain habeas corpus relief on the grounds that evidence

3

obtained through an unconstitutional search and seizure was introduced at his trial. *See Tart v. Massachusetts*, 949 F. 2d 490, 497 n. 6 (1991); *McCown v. Callahan*, 726 F. 2d 1,4 (1st Cir. 1984).  The holding in *Stone v. Powell* is grounded in the Supreme Court's conclusion that in cases where a Fourth Amendment claim has been adequately litigated in the state courts, the costs of applying the exclusionary rule on habeas review - in terms of judicial efficiency, comity, federalism and finality - outweigh any deterrent and educative advantage to be gained. *Id*. at 493-494; *See Withrow v. Williams*, 507 U.S. 680, 113 S.Ct. 1745, 123 L.Ed. 2d 407 (1993)(*Stone* bar rests on prudential concerns).  Absent a clear showing that the state court did not afford an adequate opportunity for the petitioner to litigate the issue, principles of comity require that federal habeas review of Fourth Amendment claims be declined. *Tart v. Massachusetts*, 949 F. 2d at 497 n.6.  The petitioner availed himself of the opportunity to fully litigate the search and seizure issues in the state court and is barred from renewing this issue in the federal courts.

## CONCLUSION

For the reasons set forth above, the respondent urges this Court to dismiss the habeas corpus petition.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s Susanne G. Reardon
Susanne G. Reardon, BBO 561669
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200 ext. 2832

Dated: May 18, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached documents was served upon petitioner, 2 Clark Street, P.O. Box 73, Norfolk, MA 02056 by first class mail, postage pre-paid, on May 18, 2005.

/s Susanne G. Reardon
Susanne G. Reardon
Assistant Attorney General